UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYSHON L. BLACK, | ) | CASE NO. 1:21-cv-0354 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| WARDEN NEIL TURNER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

Before this Court is Magistrate Judge James E. Grimes Jr.'s Report and Recommendation ("R&R") (Doc. No. 15), which recommends that the Court deny Petitioner Rayshon L. Black's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2554 (Doc. No. 1) and dismiss the claims therein. Petitioner timely filed objections to the R&R. (Doc. No. 17.)[1] For the following reasons, the R&R's recommendation that the Petition for Writ of Habeas Corpus be denied is ACCEPTED, Petitioner's objections to the R&R are OVERRULED, and the petition is DENIED.

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

1

I. **Background**

On March 23, 2017, Petitioner was charged with rape in violation of Ohio Rev. § 2907.02(A)(2), kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4) with a sexual motivation specification, and gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(5). *State v. Black*, 149 N.E.3d 1132, 1135 (Ohio Ct. App. 2019).[2]

On August 6, 2018, a jury trial on these charges commenced. *Id.* At trial, Petitioner's stepdaughter, T.S., testified

> on August 4, 2016, she was heading downstairs from her bedroom to get a drink from the kitchen when [Petitioner] opened the door of his bedroom, grabbed [her] by the arm, and pulled her into his bedroom. [She] told [Petitioner] to "get off me" and "leave me alone." She stated that [Petitioner] "kept grabbing me, and I was yanking away, telling him to get off of me, but * * * my body can't —." [She] testified that she was not strong enough to fight [Petitioner] off. [She] further stated that after [Petitioner] got her into his bedroom, he put her on the bed, took off her shorts and underpants as well as his shorts, so that he was naked from the waist down, and [Petitioner] "stuck his penis in [her] vagina." [She] repeatedly told [Petitioner] to get off of her. [She testified that] at one point, her mother walked in the room and said, "Oh my God * * * you all can't keep doing what you doing" and then left the room. [Petitioner] eventually stopped, and [she] left the room to talk to her mother, but her mother would not listen to her.

*Id.* at 1135-36. T.S., who was 21 years old at the time of trial, suffers from cerebral palsy. *Id.* at 1135. She testified with the assistance of a computerized touchpad. *Id.*

---

[2] The R&R excerpted facts from that opinion. (*See* Doc. No. 15 at 1700-07.) Petitioner has not objected to the R&R's reliance on the state court appellate opinion to establish the factual record. Under the Antiterrorism and Effective Death Penalty Act of 1998 ("AEDPA"), the facts established in the state courts "shall be presumed to be correct" unless Petitioner rebuts "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With no effort to rebut the presumption of correctness having been made, the facts established in the state court proceedings are presumed to be correct. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual . . . conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")

2

Additional prosecution witnesses testified. *Id.* at 1136. T.S.'s friend testified that, on August 7, 2016, T.S. told him that something bad happened to her a few days ago. *Id.* He stated that T.S. was upset and crying while relaying this information. *Id.* T.S.'s stepmother testified that she received a text from T.S. on August 5, 2016, informing her to call T.S. because something "serious" had happened last evening. *Id.* at 1142.

Petitioner called his wife, T.S.'s mother, to testify. *Id.* at 1137. She stated that she did not hear T.S. scream on the day of the incident despite T.S.'s ability to "scream as loud as I can." *Id.* Similarly, T.S.'s younger brother testified that he was home on August 4, 2016, but did not hear T.S. yell. *Id.* Both of her brothers testified that she never informed them about the incident and that there was nothing unusual about her demeanor on or after August 4, 2016. *Id.*

The jury found Petitioner guilty of rape and kidnapping with sexual motivation. (Doc. No. 9-2 at 1573-74.) Petitioner was found not guilty of gross sexual imposition. (*Id.* at 1974.) The court sentenced Petitioner to concurrent 10-year terms for rape and kidnapping. (Doc. No. 9-1 at 145.)

With different appointed counsel (*see* Doc. No. 9-1 at 143-44), Petitioner timely appealed, raising three assignments of error:

1. The trial court reversibly erred in admitting hearsay into evidence in the form of prior consistent statements of the alleged victim without proper application of Evid. R. 801(D)(1);

2. Defense counsel provided ineffective assistance of counsel by failing to object to hearsay evidence presented at trial; and

3. The manifest weight of the evidence did not support a conviction of appellant.

(*Id.* at 171.) The appellate court overruled all assignments of error and affirmed. *Black*, 149 N.E.3d at 1142. After considering his untimely *pro se* notice of appeal (Doc. No. 9-1 at 226), his

3

motion to file a delayed appeal (*id.* at 229), and his memorandum in support of jurisdiction (*id.* at 258), the Ohio Supreme Court declined to review the appellate court's decision (*id.* at 275).

Petitioner applied, under Ohio Appellate Rule 26(B), to reopen his appeal (*id.* at 276) after his *pro se* "motion for leave of time to file postconviction petition" was denied (*id.* at 528-29). In this application, Petitioner claimed his appellate counsel was ineffective because he did not assert that his convictions (1) should be overturned due to prosecutorial misconduct, (2) were supported by insufficient evidence, and (3) were against the manifest weight of evidence due to inconsistent verdicts. *State v. Black*, 2020-Ohio-3278, 2020 WL 3118903, at *1 (Ohio Ct. App. 2020). The court denied this motion as untimely and noted that "[Petitioner's] assignments of error d[id] not present a genuine issue as to whether [Petitioner] was deprived of the effective assistance of appellate counsel." *Id.* at *1-2. The Ohio Supreme Court declined to review this decision. (Doc. No. 9-1 at 527.)

Petitioner filed the instant *pro se* petition for a writ of habeas corpus. (Doc. No. 1.) The petition raises three grounds for relief:

> GROUND ONE: Petitioner was deprived his Constitutional right to effective assistance of appellate counsel on his first appeal as of right, as guaranteed by the 6th and 14th Amendments in the U.S. Constitution and provided for in Evitts v. Lucy (1985), 469 U.S. 387, 396.
>
>> Supporting Facts: (1) Appellate Counsel based entire appeal only on an Ohio Rule of Evidence violation in which; Clearly and Convincingly, and a matter of law, not applicable to Petitioner's trial, appeal, and or conviction, thus deprived Petitioner of a full and fair direct appeal as of right. (2) Appellate counsel failed to raise appropriate issues.
>
> GROUND TWO: Petitioner was deprived his constitutional right to a fair trial when the prosecution engaged in an erroneous pattern of misconduct.
>
>> Supporting Facts: Petitioner's trial was fundamentally unfair due to the State's erroneous conduct throughout the trial in which combined to deprive Petitioner of his Due Process rights and his right to a fair trial. Prosecution throughout the trial continued to lead witnesses, supply and provided

> witnesses answers, bring up prior bad acts and pending charges in which no guilty finding had been made, incited the passions and prejudices of the jury and further asserted their own opinion as to the Witnesses credibility thus voguing for the witness['s] credibility.

GROUND THREE: Petitioner's verdict of guilty cannot be upheld as there was not legally sufficient evidence to sustain the conviction, meeting beyond reasonable doubt standard.

> Supporting Facts: Petitioner's verdict as Rape and Kidnapping cannot stand as the evidence does not weigh beyond a reasonable doubt in favor of a conviction and not meeting the required elements of the offenses. Further, the State of Ohio's legal reason for affirming convictions is in conflict with the verdict itself and the jury's reasoning reaching the verdict.

(Doc. No. 1 at 5, 7-8; Doc. No. 1-1 at 28, 30, 32; Doc. No. 9 at 96-97.)

The R&R recommended a finding that Ground One is procedurally defaulted and that there is no record evidence to overturn this default. (*Id.* at 1728.) For Ground Two, the R&R similarly recommends that it is procedurally defaulted, and Petitioner did not attempt to overcome the default. (*Id.* at 1730-31.) Finally, the R&R recommends that the Court find that Ground Three is meritless. (*Id.* at 1737.) Petitioner timely objected to these recommended findings. (Doc. No. 17.)

## II. Law and Analysis

### A. Legal Standard

When objections are made to a magistrate judge's report and recommendation on a dispositive matter, the district court must conduct a *de novo* review of those portions of the report and recommendation to which a proper objection is made. 28 U.S.C. § 636(b)(1)(C). Thereafter, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

5

A general objection – that is, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before" – is not considered a proper objection for the district court's *de novo* review. *Woodson v. Ohio*, No. 1:19-cv-0339, 2022 WL 842240, at *1 (N.D. Ohio Mar. 22, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); *see also* L.R. 72.3(b) (stating that any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). A general objection to an R&R has the same effect as a failure to object in that it waives *de novo* review by the district court and any later appellate review of the district court's decision. *Aldrich*, 327 F.Supp.2d at 747-48.

The Court's *de novo* review in this instance is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "The writ of habeas corpus is an 'extraordinary remedy' that guards only against 'extreme malfunctions in the state criminal justice system.'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1731 (2022) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)).

6

### B. Ground One

Petitioner objects to the R&R's conclusion that his ineffective assistance of counsel claim was procedurally defaulted. (Doc. No. 17 at 1745-46.)

Based on the state court record, the R&R states that this claim was procedurally defaulted because Petitioner did not file his Rule 26(B) application within 90 days after the court journalized its decision. (Doc. No. 15 at 1710, 1718.) The R&R then examines whether Petitioner could establish cause and actual prejudice to excuse his untimeliness. (*Id.* at 1720.) The R&R determines that Petitioner had shown cause because Respondent did not dispute his contention that "delays in his prison's mail and the prison's failure to follow its own procedures" delayed his Rule 26(B) application filing. (*Id.* at 1720-21.) Finally, the R&R thoroughly examines the merits of Petitioner's ineffective assistance of appellate counsel claim and states that the claim is still procedurally defaulted because Petitioner did not demonstrate actual prejudice. (*Id.* at 1721-28.)

### 1. Whether Actual Prejudice Must be Established

Petitioner maintains the Magistrate Judge erred by examining actual prejudice because, to him, "[w]here the cause is ineffective assistance of counsel . . . an additional showing of prejudice is unnecessary." (Doc. No. 17 at 1746.) This objection is overruled. The Sixth Circuit has made clear that appellate counsel has no duty to advise his client of the deadline to file a Rule 26(B) application. *Wilson v. Hurley*, 382 F. App'x 471, 479 (6th Cir. 2010). Thus, the cause of Petitioner's procedural default cannot be his counsel's ineffective assistance. *See id.* Petitioner must demonstrate actual prejudice. *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 435-36 & n.7 (6th Cir. 2006) (explaining that although prejudice may be

7

presumed when counsel fails to advise the petitioner of his appeal rights, it is not also presumed for an ineffective assistance of appellate counsel claim brought under Rule 26(B)).

### 2. Actual Prejudice Analysis

To establish actual prejudice, Petitioner must show that, had his counsel adequately performed, there would have been a reasonable probability that the appeal would have been successful. *See Ambrose v. Booker*, 684 F.3d 638, 652 (6th Cir. 2012) (noting that courts should turn to *Strickland*'s prejudice standard when considering actual prejudice in the procedural default context); *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005) (applying the *Strickland* prejudice standard to an ineffective assistance of appellate claim). Petitioner objects to three portions of the R&R's actual prejudice analysis. Each is addressed in turn.

*First*, Petitioner objects to the R&R's conclusion that his counsel's failure to raise numerous prosecutorial misconduct arguments on appeal did not cause prejudice. (*See* Doc. No. 17 at 1751.) As an initial matter, the "objections" to the R&R's analysis of whether the prosecution made false and misleading statements are merely recitations of arguments in Petitioner's traverse. (*Compare* Doc. No. 13 at 1652-64 *with* Doc. No. 17 at 1749-51.) Rehashing arguments made in a traverse has the same effect as a failure to object. *See, e.g.*, *Darling v. Lazaroff*, No. 1:19-cv-1743, 2021 WL 2895512, at *1 (N.D. Ohio July 9, 2021) (finding "the regurgitation of the same merit brief before the magistrate judge" does not "constitute a sufficient objection"); *Porter v. Konteh*, No. 3:07-cv-03354, 2009 WL 4282911, at *2 (N.D. Ohio Nov. 30, 2009) (finding petitioner's objection that "simply reiterate[d] the same argument . . . that he raised in his [t]raverse" was "insufficient to constitute an objection"). Thus, these objections are not entitled to *de novo* review. Nonetheless, the Court has reviewed

8

the R&R's analysis and finds that Petitioner's arguments are insufficient to establish actual prejudice.

Petitioner's specific objections to the R&R's prosecutorial misconduct analysis fare no better.

To start, the R&R correctly identifies plain error review as the standard of review the Ohio appellate court would have applied had counsel made arguments regarding the prosecutor's use of leading questions, as no objections to these questions were made at trial. *E.g.*, *State v. Perry*, 802 N.E.2d 643, 646 (Ohio 2004). And, to prevail under plain error review, Petitioner would have been required to demonstrate that the error (A) affected his "substantial rights" and (B) that correcting it would "prevent a manifest miscarriage of justice." *Id.*

Additionally, Petitioner challenges the R&R's recommended finding that the prosecution's closing statements were insufficient to establish actual prejudice. (Doc. No. 17 at 1750-51.) During closings, the prosecution stated that this case turned on whether you believed T.S. or thought she was lying to such an extent that she deserved an "academy award for best actress." (Doc. No. 9-2 at 1528.) The R&R states that this remark did not constitute witness vouching and, instead, was merely the prosecution identifying that this case turned on one's assessment of T.S.'s credibility. (Doc. No. 15 at 1725-26.)

Petitioner maintains that *Berger v. United States*, 295 U.S. 78 (1935) and *United States v. Young*, 470 U.S. 1 (1985) warrant a different finding. (Doc. No. 17 at 1751.) These cases provide that a prosecution's vouching for a witnesses' credibility *may* necessitate a new trial *if* the prosecution also implies that it has access to inculpatory evidence outside of the trial record. *Young*, 470 U.S. at 19 (citing *Berger*). In *Berger*, to compensate for its witness' inability to identify the defendant, the prosecution stated it personally knew that the witness knew the

9

defendant well. 295 U.S. at 87-88. The Court held that this statement – coupled with the government's "weak" case – warranted the jury's guilty verdict being overturned. *Id.* at 88-89. In *Young*, the Court held that, although the prosecution erred when it expressed its opinion that the defendant was guilty, the drastic remedy in *Berger* was inappropriate because "the prosecutor's remarks [could not] be read as implying that [he] had access to evidence outside the record." 470 U.S. at 19.

Here, even if the prosecution's conduct can be construed as improper witness vouching, nothing in the record indicates that the prosecution ever implied that it had access to inculpatory evidence outside the record. In fact, Petitioner seems to concede this point. (*See* Doc. No. 17 at 1750 (admitting that the prosecution never explicitly stated that it had personal knowledge that T.S. was telling the truth).) Petitioner's objection is overruled.

*Second*, Petitioner argues that the R&R misapplies applicable law in determining that he did not suffer actual prejudice by appellate counsel's failure to raise a sufficiency of the evidence claim on direct appeal. (*Id.* at 1748.) But the R&R correctly applies the standard an Ohio court would have applied had this issue been raised on appeal. (Doc. No. 15 at 1726-27.) In doing so, the R&R notes that the Ohio Supreme Court has held that a rape victim's testimony – even if uncorroborated – can sustain applicable convictions under Ohio law. *State v. Johnson*, 858 N.E.2d 1144, 1158 (Ohio 2006); *see also State v. Castellon*, 2019-Ohio-628, 2019 WL 856246, at *3-4 (Ohio Ct. App. 2019). Thus, because T.S. testified that Petitioner forcibly pulled her into his bedroom and raped her, the appellate court would have sustained the convictions. *Black*, 149 N.E.3d at 1142. This objection is overruled.

*Third*, Petitioner argues that the R&R incorrectly concludes that he did not suffer actual prejudice from his appellate counsel's failure to assert that the jury's inconsistent verdicts prove

that his convictions were against the manifest weight of evidence. (Doc. No. 17 at 1748-49.) Whether a conviction is against the manifest weight of the evidence is an issue of state law. *Nash v. Eberlin*, 258 F. App'x 761, 764 n.4 (6th Cir. 2007). And the Supreme Court has "repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Applying Ohio law, the R&R correctly states that inconsistent verdicts do not provide a basis to overturn a verdict on manifest weight of evidence grounds.[3] *State v. Taylor*, 2008-Ohio-1626, 2008 WL 885822, at *2 (Ohio Ct. App. 2008) ("Inconsistent verdicts on different counts of a multi-count indictment do not justify overturning a verdict of guilt."); *State v. Gardner*, 2008-Ohio-2787, 889 N.E.2d 995, 1013 (Ohio 2008) ("[A] verdict that convicts a defendant of one crime and acquits him of another, when the first crime requires proof of the second, may not be disturbed merely because the two findings are irreconcilable."). Petitioner's final objection to the R&R's actual prejudice analysis is therefore overruled.[4]

---

[3] The Court addresses Petitioner's contention that his convictions violated his federal constitutional rights because they are supported by insufficient evidence in Part D of Section II.

[4] Moreover, the convictions for rape and kidnapping do not appear to be inconsistent with the not guilty verdict for sexual imposition. To prove sexual imposition, the state was required to establish that Petitioner engaged in sexual acts when '[t]he ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person or of one of the other persons is substantially impaired because of a mental or physical condition or because of advanced age." Ohio Rev. Code § 2907.05(A)(5). This element is not required for a defendant to be guilty of rape or kidnapping. Ohio Rev. Code § 2907.02(A)(2); Ohio Rev. Code § 2905.01(A)(4).

11

### C. Ground Two

Petitioner did not object to the R&R's conclusion that Ground Two is procedurally defaulted. (*See* Doc. No. 17 at 1749-51.) As such, he has waived any right to *de novo* review. Even so, the Court has reviewed this portion of the R&R and finds that this ground was procedurally defaulted. (Doc. No. 15 at 1728-31.) The prosecutorial misconduct claim was first presented in Petitioner's Rule 26(B) application. (Doc. No. 13 at 1651-52.) A Rule 26(B) application, however, can only raise an ineffective assistance of appellate claim. *See Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008). Petitioner was required to raise a claim of prosecutorial misconduct on direct appeal. *See id.* To overcome this defect, Petitioner mut establish cause and actual prejudice or prove actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). But Petitioner did not attempt to meet these burdens. (*See* Doc. No. 13 at 1651-52.) Ground Two is procedurally defaulted.

### D. Ground Three

Petitioner raises no specific objection to the R&R's recommended determination that his rape conviction under Ohio Rev. Code § 2907.02(A)(2) and kidnapping conviction under Ohio Rev. Code § 2905.01(A)(4) were supported by sufficient evidence. (Doc. No. 15 at 1731-37.) He merely recites the law and asserts the prosecution failed to prove every element beyond a reasonable doubt. (Doc. No. 17 at 1751-53.) Yet he does not explain why the evidence presented by the prosecution and relied upon in the R&R is insufficient. (*See id.*) By providing nothing more than a general allegation, Petitioner has again waived *de novo* review. *Woodson*, 2022 WL 842240, at *1. Nonetheless, the Court has reviewed Ground Three and finds that any specific objection would fail on the merits.

A habeas court will rarely find a criminal conviction violates the Due Process Clause due to insufficiency of the evidence. After viewing all evidence in the light most favorable to the prosecution, the habeas court must find that the state appellate court "was unreasonable in *its* conclusion that a rational trier of fact could find [the petitioner] guilty beyond a reasonable doubt based on the evidence at trial." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In other words, this Court must give considerable deference to the factfinder and the state appellate court. *Coleman v. Johnson*, 566 U.S. 650, 651 (2012). This is a nearly "insurmountable hurdle." *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (quotations and citation omitted). This Court cannot "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the [factfinder]." *Konteh*, 567 F.3d at 205.

Petitioner has not overcome this high hurdle. For a start, T.S.'s testimony that Petitioner "grabbed her by the arm as she was walking down the stairs and pulled her into his bedroom and raped her" is sufficient to support both convictions.[5] *Black*, 149 N.E.3d at 1142. T.S.'s testimony was also corroborated by the testimony of her stepmother and friend. *Id.* Against this backdrop, the Court cannot find that the appellate court unreasonably found that the jury irrationally found Petitioner guilty of both charges.[6]

Ground Three is overruled because it lacks merit.

---

[5] The kidnapping statute makes it a crime to "by force, threat, or deception . . . remove another from the place where the other person is found or restrain the liberty of the other person . . . [t]o engage in sexual activity." Ohio Rev. Code § 2905.01(A)(4).

[6] Although Petitioner has not used his claim of inconsistent verdicts to support this ground for relief, the Court notes that the Supreme Court has squarely rejected such an argument. *United States v. Powell*, 469 U.S. 57, 69 (1984) ("[T]here is no reason to vacate [the defendant's] conviction merely because the verdicts cannot rationally be reconciled. [The defendant] is given the benefit of her acquittal on the counts on which she was acquitted, and it is neither irrational nor illogical to require her to accept the burden of conviction on the counts on which the jury convicted.").

### III. Conclusion

Petitioner's objections are hereby overruled.  The R&R's analysis and recommendation to dismiss are hereby ACCEPTED.  The petition is hereby DENIED.  The Court certifies that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
**Date**: January 17, 2024                UNITED STATES DISTRICT JUDGE